USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-19-08

08 CV 01636

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ASSURANCEFORENINGEN SKULD (GJENSIDIG),                 :   08 CV _____
                                                      :
                        Plaintiff,                    :   ECF CASE
                                                      :
        - against -                                   :   **EX PARTE ORDER**
TORRIDON SHIPPING and SOTRAMP SHIPPING &              :   **FOR   PROCESS OF**
TRADING INC.,                                         :   **MARITIME**
                                                      :   **ATTACHMENT**
                                                      :
                        Defendants.                   :
                                                      :
------------------------------------------------------------X

**WHEREAS**, on February 19, 2008 Plaintiff, ASSURANCEFORENINGEN SKULD (GJENSIDIG), filed a Verified Complaint, herein for damages amounting to **$31,373.75,** inclusive of interest, costs and reasonable attorney's fee, and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules and Civil Procedure; and

**WHEREAS**, the Process of Maritime Attachment and Garnishment would command that the United States Marshal, or other designated process server, attach any and all of the Defendants' property within the District of this Court; and

**WHEREAS**, the Court has reviewed the Verified Complaint and the Supporting Affidavit, and the conditions of Supplemental Admiralty Rule B appearing to exist:

**NOW**, upon motion of the Plaintiff, it is hereby:

**ORDERED**, that pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Clerk of the Court shall issue Process of Maritime Attachment and Garnishment against all tangible or intangible property, credits, letters of credit, bills of lading, effects, debts and monies, electronic funds transfers, freights, sub-freights, charter hire, sub-

charter hire or any other funds or property up to the amount of **$31,373.75** belonging to, due or being transferred to, from or for the benefit of the Defendants, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named on whom a copy of the Process of Maritime Attachment and Garnishment may be served; and it is further

**ORDERED** that supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court; and it is further

**ORDERED** that following initial service by the U.S. Marshal, or other designated process server, upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or other verifiable electronic means, including e-mail, to each garnishee; and it is further

**ORDERED** that service on any garnishee as described above is deemed to be effective and continuous service throughout the remainder of the day upon which service is made commencing from the time of such service; and such service is further deemed to be effective through the end of the next business day, provided that another service is made that day; and it is further

**ORDERED** that pursuant to Federal Rule of Civil Procedure 5(b)(2)(D) each garnishee may consent, in writing, to accept service by any other means.

Dated: February 19, 2008

SO ORDERED:

_____
Victor Marrero
U. S. D. J.

CERTIFIED AS A TRUE COPY ON
THIS DATE 2-19-08
BY _____
( ) Clerk
( ) Deputy

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ASSURANCEFORENINGEN SKULD (GJENSIDIG),    :

                 Plaintiff,    :    08 Civ. 1636 (VM)

   - against -    :    ECF CASE

TORRIDON SHIPPING and SOTRAMP SHIPPING &    :
TRADING INC.,

                Defendants.    :
------------------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, ASSURANCEFORENINGEN SKULD (GJENSIDIG) ("Plaintiff" or "SKULD"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendants, TORRIDON SHIPPING and SOTRAMP SHIPPING & TRADING INC. (collectively "Defendants") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*, and this Court's federal question jurisdiction, 28 United States Code § 1331.

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity organized and existing under the laws of Norway with an office in Oslo, Norway.

3. Upon information and belief, Defendant Torridon Shipping was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with an address at Istanbul, Turkey.

4. At all material times, Plaintiff was and is a marine insurer providing "protection and indemnity" and "defence" insurance coverage to shipowners and ship charterers all over the world.

5. Upon information and belief, Defendant Sotramp Shipping & Trading Inc. was, and still is, a foreign corporation, or other business entity organized and existing under foreign law with an address at Istanbul, Turkey.

6. At all material times, Defendants were the Owner and Manager, respectively of the motor vessel "ASIRAT."

7. By Certificates of Entry, Plaintiff provided "P&I" insurance coverage for the Defendants' motor vessel "ASIRAT."

8. In accordance with the terms of coverage, Defendants were obligated to pay certain deductibles in relation to claims submitted by the Defendants to Plaintiff under the P&I insurance coverage.

9. Despite due demand, from February 2005 until December 2007, Defendants failed and refused to pay the deductible due and owing to Plaintiff in the principal sum of $10,000.00. In December 2007, Defendants made a partial payment in the sum of $5,504.40, thus reducing the principal claim to $4,495.60, but no amount in respect of interest was paid.

10. Despite due demand, from March 2007 until the present, Defendants failed and refused to pay a second deductible due and owing to Plaintiff in the principal sum of $10,000.00.

11. The Plaintiff's 2003 P&I "Rules" in effect for the period during which Plaintiff provided marine insurance coverage to Defendants' Vessel provide for disputes to be determined by Arbitration in Oslo, Norway, pursuant to Norwegian law.

12. Plaintiff is preparing to commence arbitration proceedings against Defendants on its claim.

13. Under Norwegian law, in particular section 40 of the Arbitration Act (2004-05-14-25) costs, including attorney's fees, arbitrator's fees, disbursements and interest are recoverable as an element of the Plaintiff's claim.

14. Under Norwegian law, in particular the "Interest on Delayed Payment" Act 1976-12-17-100, claimants are entitled to statutory interest on all debts.

15. As best as can now be estimated, Plaintiff expects to recover the following amounts in the Final Arbitration Award(s):

| | | |
|---|---|---:|
| A. | Principal claim: | $14,495.60 |
| B. | Interest on $10,000 from 2/14/2005 to 12/11/2007 at 7.5% compounded quarterly: | $ 2,332.88 |
| C. | Estimated interest on $10,000 from 3/30/2007 to 2/15/2011 (approximate date of recovery) at 7.5% compounded quarterly | $ 3,346.65 |
| D. | Estimated interest on $4,495.60 from 12/12/2007 to 2/15/2011 (approximate date of recovery) at 7.5% compounded quarterly: | $ 1,198.62 |
| E. | Estimated attorneys' fees and expenses: | $ 7,500.00 |
| F. | Estimated arbitration costs: | $ 2,500.00 |
| **Total** | | **$31,373.75** |

16. The Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

held in the hands of one or more garnishees which are believed to be due and owing to the Defendants.

17. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendants held by the aforesaid garnishee for the purpose of obtaining personal jurisdiction over the Defendants, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That the Court retain jurisdiction to compel the Defendants to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

C. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee within the District which are due and owing to the Defendants, in the amount **$31,373.75** calculated to date to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

D.  That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court

E.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

F.  That this Court award Plaintiff its attorney's fees and costs of this action; and

G.  That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: February 19, 2008
New York, NY

> The Plaintiff,
> ASSURANCEFORENINGEN SKULD (GJENSIDIG)
>
> By: _/s/ Patrick F. Lennon_
> Patrick F. Lennon
> Nancy R. Peterson
> Coleen A. McEvoy
> LENNON, MURPHY & LENNON, LLC
> The GrayBar Building
> 420 Lexington Ave., Suite 300
> New York, NY 10170
> (212) 490-6050 – phone
> (212) 490-6070 – fax
> pfl@lenmur.com
> nrs@lenmur.com
> cam@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )   ss.:   New York
County of New York   )

1. My name is Patrick F. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    February 19, 2008
          New York, New York

_____
Patrick F. Lennon